UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXANDRE ZDENEK DAVIS II,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF IDAHO, THE ADA COUNTY PUBLIC DEFENDERS OFFICE, ADA COUNTY SHERIFF DEPARTMENT,<br><br>Defendants. | Case No. 1:25-cv-00544-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. Pending before the Court is the civil rights Complaint of Plaintiff Alexandre Zdenek Davis II (Plaintiff), a federal prisoner residing at the FCI Leavenworth facility, who asserts that Ada County prosecutors have charged him with crimes and issued a warrant in Case CR01-21-3142, but he has been unable to bring that case to a resolution.

The Court sought additional information from the Ada County prosecutors to facilitate screening of this case. Dkt. 8. The supplement has been filed. Dkts. 8, 12.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Plaintiff has been charged in the State of Idaho with grand theft (vehicle truck over $1,000), a felony offense in Ada County Criminal Case No. CR01-21-43142. A warrant is currently outstanding, and the case is not active at this time. The state of Idaho does not have a detainer lodged against Plaintiff because of jurisdictional issues.

Plaintiff has been appointed counsel through the Ada County Public Defender's Office. During the time the case has been pending, Plaintiff's public defender has changed several times. Plaintiff has persisted in filing pro se letters and motions with the state court, despite having been instructed to file documents only through his public defender.

On December 9, 2024, Plaintiff filed a pro-se "Motion to Relieve Counsel Due to Ineffective Assistance of Counsel" asking the court to allow him to represent himself. *See* attached State's Exhibit 16. The motion was filed ex-parte and not properly served on the opposing party.  No action was taken by the state court.

On February 11, 2025, a "Notice of Reassignment" was filed by the Idaho State Public Defender's Office assigning Matthew Blanksma to represent Plaintiff. The warrant remains outstanding and Plaintiff has filed no further documents in the state court case.

The state courts have notified Plaintiff that, if he desires to litigate his claim that he is entitled to a speedy trial or any other claim relating to his pending criminal case, he must do so through his appointed counsel. If he desires to request that he be permitted to proceed pro se, he must do so through his counsel. It does not appear that Plaintiff has followed the instructions of the state court to have his motions heard.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Under the Sixth Amendment of the U.S. Constitution and Article I, Section 13 of the Idaho Constitution, the right to a speedy trial protects individuals from unresolved lingering charges. In *Smith v. Hooey*, 393 U.S. 374, 377 (1969), the United States Supreme Court ruled that when a state has pending criminal charges against a person incarcerated in another jurisdiction (including federal prison), the state has a constitutional duty to make a diligent, good-faith effort to bring that prisoner to trial. Letting a felony warrant sit completely idle without lodging a detainer or seeking temporary custody may be grounds for an assertion that the good-faith requirement has been violated.

However, the United States Supreme Court did not address how courts are to effectuate the *Smith v. Hooey* holding. In *Lawrence v. Blackwell*, 298 F. Supp. 708 (N.D. Ga. 1969), the federal district court reasoned:

> Despite the uncertainty created by the Supreme Court's opinion, we hold that the plaintiffs have the following remedies to effectuate their right to a speedy trial: The state defendants are under a constitutional obligation to make a diligent, good-faith effort to try the plaintiffs within a reasonable time. Defendants will not automatically lose the right to bring the plaintiffs to trial, if they act within a reasonable time, but at their trials, the plaintiffs may raise their prior denial of a speedy trial. It will be for the state trial courts to decide what the plaintiffs must show to merit dismissal of their indictment. If the defendants do not make the effort required by *Smith v. Hooey* to bring the plaintiffs to trial, appropriate courts in the states may grant either post-conviction relief, following belated convictions, or pre-conviction relief, after the states have permitted a reasonable time to elapse without movement toward trial. Considerations of federalism and lack of jurisdiction over the state defendants preclude recourse to this court for either pre- or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> post-conviction relief. Moreover, this court does not conceive that under *Smith v. Hooey* it can now either dismiss the state indictments or hold an independent hearing on the possible prejudice arising from the delays in trial.

*Id*. at 715-16 (footnotes omitted).

This Court agrees that the speedy trial question must be determined in the state district court. Plaintiff must follow the state district court's rules regarding the filing of pro se filings when a litigant is represented by counsel, including the rule that he must use counsel to request that counsel withdraw and he be permitted to proceed pro se. This Court will provide a courtesy copy of this Order to the last known public defender who was appointed to represent him in state court and to the supervisor of the Bonneville County Office of the State Public Defender's Office.

In addition, as to the State of Idaho as a defendant in this case, the Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the IDOC, which is a state entity, cannot be sued in federal court except in two instances: (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The State of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In addition, the Court "lacks jurisdiction to issue a writ of mandamus to a state court" to require it to take action. *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). If Plaintiff does not prevail on his speedy trial claims in the state district court, he may appeal to the Idaho appellate courts, and then to the United States Supreme Court.

For the foregoing reasons, the Court will dismiss this case without prejudice and deny Plaintiff's motions as moot.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Dkt. 18) is DENIED as MOOT.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 20) is DENIED as MOOT.

3. Plaintiff's Motion to Invoke An Alternative Dispute Resolution  (Dkt. 22) is DENIED as MOOT.

4. Plaintiff's Motion for Status and Motion for Case Update (Dkt. 23, 26) are GRANTED only to the extent that this case has been resolved with this Order.

5. Plaintiff's Motion to Expedite Case (Dkt. 25) is DENIED as MOOT.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

6.  This case is DISMISSED without prejudice.

7.  The Clerk of Court shall send a copy of this Order to the following:

- Matthew Blanksma at matthew.blanksma@spd.idaho.gov, and

- Jason Gustaves at jason.gustaves@spd.idaho.gov.

For Plaintiff's information, the public defender's office contact information is:

State Public Defender - Bonneville Office
**Address:** 510 D Street, Idaho Falls, ID, 83402
**Phone:** (208) 701-7300.

DATED: June 9, 2026

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**